## REID AUTO CO. v. GORSCZYA.

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 27, 1912. Rehearing Denied March 2, 1912.)

1. TRIAL (§ 143*)—CONFLICTING EVIDENCE—PEREMPTORY INSTRUCTIONS.

Where the evidence was conflicting, a peremptory instruction was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. § 143.*]

2. MASTER AND SERVANT (§ 305*) — NEGLIGENCE OF SERVANT—LIABILITY OF MASTER.

A master is liable for the acts of his servant done within the scope of his employment, though contrary to express orders as to the place or method of doing the work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1223, 1224; Dec. Dig. § 305.*]

3. EVIDENCE (§ 121*)—RES GESTÆ.

A statement by the driver of an automobile, made at the time of a collision with a vehicle, is admissible as a part of the res gestæ.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 303, 307–338; Dec. Dig. § 121.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

**4. EVIDENCE (§ 244*)—ADMISSIONS—OFFICER OF CORPORATION.**

In an action for injuries in a collision with an automobile driven by a servant of defendant, who relied on the defense that the servant operated the car without authority, evidence that the president of defendant, a corporation, did not, in a conversation with plaintiff on the day of the accident, claim that the servant was driving the car without authority, was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 916–936; Dec. Dig. § 244.*]

**5. EVIDENCE (§ 141*)—OTHER SIMILAR SUITS AND DEFENSES.**

Evidence of other suits pending against defendant by reason of automobiles colliding with people, and that the defense in each case was that the operators of the automobiles had taken the cars out contrary to orders, was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 406, 408–413; Dec. Dig. § 141.*]

Appeal from District Court, Tarrant County; W. T. Simmons, Judge.

Action by F. S. Gorsczya against the Reid Auto Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Parker & Parker and Theodore Mack, for appellant. Crenshaw & Boykin, Chas. Kassel, and McLean & Carlock, for appellee.

SPEER, J. F. S. Gorsczya recovered a judgment against the Reid Auto Company in an action for damages for personal injuries to his wife caused by the alleged negligence of one of defendant's agents in driving an automobile of the defendant against a buggy in which plaintiff's wife was riding. The defendant's special answer was that the car which did the injury was at the time being driven by one Maulden, one of its employés in the shop, but who at the time had the car out driving it without the knowledge or consent of the defendant company and was not at the time in the performance of any duty imposed by defendant. The defendant company prosecutes this appeal.

[1] The first assignment of error, presenting the action of the court in overruling the request for a peremptory instruction, and several others as well, are disposed of in our conclusion that the evidence was conflicting upon the issue of whether or not the employé Maulden at the time of the accident was acting within the scope of his employment as a machinist to repair cars. The evidence shows that he was employed by the appellant as a machinist in the shop, and that he was set to work by the shop foreman to repair the car which injured appellee's wife. The particular break, or defect, appears to have been in connection with the differential, and the various witnesses differ in their testimony and their opinions as to whether or not it is necessary in making such a repair to give the car a road test. In view of a reversal, it would not be proper

for us to discuss in detail the testimony upon this issue; but suffice it by saying, as before indicated, the evidence was such the jury might have found, as it did, that appellant's employé Maulden was acting within the scope of his authority in trying out the car when he ran into and injured appellee's wife.

[2] Neither do we think the court erred in using the following language: "Then the defendant would be responsible for his (Maulden's) said acts or omissions so occurring causing damage to another, notwithstanding you may believe that at said time and place he was acting in violation of the express orders of defendant regarding the place or method of doing said work." Indeed, the paragraph quoted appears to be the law as recognized by our Supreme Court in Burnett v. Oechsner, 92 Tex. 588, 50 S. W. 562, 71 Am. St. Rep. 880, wherein the following is quoted with approval: "To hold the master liable for the act of his servant, it is not necessary that the servant should have the authority to do the particular act. The act of the servant may be contrary to his express orders, and yet the master may be liable. But the act must be done within the scope of the general authority of the servant. It must be done in furtherance of the master's business, and for the accomplishment of the object for which the servant is employed. For the mode in which the servant performs the duty he is engaged to perform, if wrongful and to the injury of another, the master is liable, although he may have expressly forbidden the particular act."

[3, 4] The sixth and seventh assignments relate to the court's rulings in admitting evidence, but they present no error. The statement of Maulden, made on the ground at the time of the accident, was a part of the res gestæ, and the fact that Mr. Reid, president of the defendant company, in a conversation between himself and plaintiff on the very day of the accident when the matter was first discussed between them, made no claim that the driver had the car out of the shop without his authority, was worth something to show that such was not the case.

[5] While Mr. Reid, president of appellant company, was testifying, he was required to answer, over appellant's objection that same was immaterial, that there were two other suits pending against him by reason of automobiles running into people, and also to answer whether or not he had as a defense in each of said suits interposed the plea that the drivers had taken the cars out contrary to his orders. The answer to the latter question might not possibly cause a reversal, since he replied that he had not discussed the matter properly with his attorneys to give an answer one way or another as to

---

what defenses the company was making. But there can be no doubt, we think, that it not only was immaterial, but injurious to the rights of appellant, to inquire whether or not it had other damage suits of a similar kind pending against it. Texas & Pacific Ry. Co. v. Dishman, 41 Tex. Civ. App. 250, 91 S. W. 828. Appellee replies to this assignment that the ruling was correct because the evidence was relevant to the issue that the defense, i. e., that the driver was out without the company's permission, was simulated or fabricated, or at all events that the inability of the witness to answer specifically what defense the company was making in the other suits robbed the answer of all prejudice. But this is no answer. The mere fact that other suits of a similar nature were shown to have been pending is itself injurious to the rights of appellant, and, even if the defense to those suits had been shown to be the same as in this, the evidence is too remote and would hardly justify the inference that such defense was fabricated in the present case. Such a defense may have been bona fide in all the cases. The mere fact that a particular defense is made in three cases cannot be said to be any evidence of fabrication.

Questions of practice presented by other assignments will hardly arise on another trial and are not discussed.

For the error indicated, the judgment is reversed, and the cause remanded for another trial.