### AUTO SALES CO. et al. v. BLAND.
#### (No. 694.)

(Court of Civil Appeals of Texas. El Paso. April 26, 1917. Rehearing Denied May 17, 1917.)

1. APPEAL AND ERROR ⬦1066—HARMLESS ERROR—INSTRUCTION.

In an action for damages to an automobile from a collision, an instruction that, "to enable the court to decide this case," the same is submitted on special issues, and that the jury should answer the question whether the defendant driver was an agent of the defendant company in driving the automobile "at the time it collided with plaintiff's car," though erroneous, in that the quoted words indicated how the issues presented should be answered and that defendant's car was the aggressive one, did not require a reversal, where it appeared from defendant's pleading and testimony that the collision was due to the driver turning in the wrong direction, in the mistaken belief that plaintiff's wife, the driver of his car, would not turn out, but would keep the car in the smooth portion of the road.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Trial, Cent. Dig. § 596.]

2. HIGHWAYS ⬦184(4)—AUTOMOBILE ACCIDENTS—INSTRUCTIONS.

An instruction, in such case, that when vehicles meet on a highway it is the duty of each driver to turn to the right, unless there are obstacles or circumstances demanding a turn to the left, was not erroneous, as charging that it was defendant's duty to drive off the public road onto a generally traveled detour or curvature, in order to turn to the right of car approaching on such detour or curvature.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 474.]

3. TRIAL ⬦252(7)—INSTRUCTIONS—APPLICABILITY TO PLEADING AND PROOF.

Where, according to defendant's pleadings and proof in an action for damages to an automobile from a collision, the collision resulted from defendant turning to the left in the mistaken belief that plaintiff's automobile would not be turned to the right, it was not error to refuse an instruction on the law of accident.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 602.]

---

**4. MASTER AND SERVANT ☛332(2)—AGENCY—QUESTION FOR JURY.**

Where, in an action for damages to an automobile from a collision, the evidence showed that the defendant company's car was being driven by a salesman returning from a trip on which he had demonstrated the car to a prospective purchaser in territory in which he was permitted to make sales, the question of the agency of the driver for the company at the time of the collision was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1275.]

**5. HIGHWAYS ☛184(4)—AUTOMOBILE ACCIDENTS—SUBMISSION OF ISSUES.**

The court did not err in refusing to submit to the jury the question whether the defendant driver at the time of the accident was acting for the company in matters of their business; such question being only as to an evidentiary fact, which would not have determined the question of agency, and which would have tended only to confuse the main issue.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 474.]

Appeal from Taylor County Court; E. M. Overshiner, Judge.

Action by R. L. Bland against the Auto Sales Company and others. From judgment for plaintiff, defendants appeal. Affirmed.

H. N. Hickman, of Abilene, Beall & Douthit, of Sweetwater, and E. R. Spencer, of Roby, for appellants. Ben L. Cox, of Abilene, and C. D. Mims, of Merkel, for appellee.

WALTHALL, J. R. L. Bland brought this suit against E. S. Cook and the Auto Sales Company, a partnership composed of A. H. Eicke and W. H. Bray, to recover damages alleged to have been sustained to his automobile in a collision in which his automobile was wrecked and its various parts broken and injured.

Appellee alleged in substance that he resides in Taylor county, and that appellants reside in Nolan county; that Eicke and Bray were engaged in the business of selling automobiles under the firm name of Auto Sales Company, and that Cook was employed by them as agent to assist them in said business and in the demonstration of cars for them, and is their sales agent; that the Auto Sales Company sent one of its cars into Taylor county by Cook, and that Cook was demonstrating said car in Taylor county as agent, and within the scope of his employment as agent, and was attempting to sell said car to a prospective purchaser in Taylor county for said Auto Sales Company, and that the prospective sale of the car, or some other car, was the business which brought Cook into Taylor county at that time; that while Cook was demonstrating said car, and while driving west on the public road near Trent, Taylor county, and while acting as said agent, he met appellee's wife driving east on said public road in an automobile; that Cook saw appellee's car while more than 100 yards distant, and by the use of ordinary care could have avoided a collision, but that instead of remaining in the road, and instead of driving to the right, as is the custom, he drove his car to the left, and turned out of the road, and ran into and against appellee's car, causing the damage to appellee's car complained of.

Cook and Eicke and Bray filed separate answers. Each answered by general denial, and each specially denied that Cook was the agent of the Auto Sales Company. The answers alleged that there was an agreement between Cook and the Auto Sales Company, whereby Cook was to have the use of one of the company's demonstrating cars within such territory as was not covered by other agents, Cook not to receive a salary, but a commission upon sales effected by him; that the company had an agent at Trent, and Cook had no authority or right to demonstrate or sell cars for the company at Trent; that Cook used his own judgment and acted without restriction, except that he should not negotiate sales in such territory as was covered by the company's regular agents. Cook alleged that on the day in question W. E. Caperton requested him to come to Trent to assist him in selling a newspaper plant, and that, having a prospective buyer for a car west of Trent, he went to Trent at such request, at his own volition, and not at the instance of the appellant company; that soon after starting from Trent, and while in the west part of the town, and while driving on the north side of the road, he saw appellee's car approaching and keeping to the north side of the road, and was led to believe that the car was going on a road leading obliquely from the main road to the northeast and did not conclude to the contrary until after said car had passed the fork of said road and continued in his direction, and yet on the north side of the road, and, seeing no movement of the approaching car to turn to its right, he, to avoid a collision, started to leave the north side of the road, and just as he was making that movement appellee's wife, driving the approaching car, threw her car to the right and directly across the road in front of his car, causing such injuries to appellee's car as occurred. Cook alleged that his movement to the south side of the road, after seeing that appellee's car was holding to the north and smooth side, was for the purpose of accommodating appellee's car to the smooth part of the road and himself passing over a less used part of the road. He denied that he was guilty of negligence and that the collision was caused by the negligence of appellee's wife in the manner of handling her car.

Eicke and Bray further alleged that Cook had no authority from them to make sales in territory assigned to their agent at Trent; that they had nothing whatever to do with his trip to Taylor county, and knew nothing of it until after the occurrence; that Cook on that trip was on business matters pertaining to himself and not to them; that he was not

acting for or representing them, but was then at Trent at the instance of Caperton in regard to other business matters.

Upon special issues submitted to them, the jury found that Cook was the agent of the Auto Sales Company in driving the automobile at the time it collided with plaintiff's car; that the collision was caused by the negligence of Cook; that plaintiff's wife was not guilty of negligence which contributed to cause the collision; the jury assessed the damages caused by the collision at $100.

[1] The portions of the charge to which the assignments are directed are as follows:

"To enable the court to decide this case, the same is submitted to you on special issues, and you will answer the following questions: (1) Was the defendant E. S. Cook an agent of the defendant Auto Sales Company in driving the automobile of said company at the time it collided with plaintiff's car?"

The contentions are that the expression in the charge, "at the time it collided with plaintiff's car," states affirmatively that Cook's car did collide with the plaintiff's car, conveying the idea to the jury that Cook's car was the aggressive car, and that the charge was upon the weight of the evidence; and that the expression in the charge, "to enable the court to decide this case," indicates to the jury how the several issues presented shall be answered. We think the expressions quoted from the charge are not to be commended, and are subject to the criticisms made, but the question arises: Are they sufficient to require the reversal of the judgment? Cook in his answer states substantially that, supposing the plaintiff's car would continue on the north side of the road, where he says it was, he left the north side and turned his car into a road leading straight forward west and to the south of that part of the road then occupied by plaintiff's car "which was on the north curvature of the road." In his testimony he says:

"I turned out where the cars struck. It was about 20 or 25 feet I think from where I turned out to the point where we collided. * * * I did turn out of the main beaten road."

Cook was mistaken in his supposition that plaintiff's wife would continue to drive her car on the north side, if she was on the north side at the time he turned his car to the south. We conclude that, both from his pleading and his testimony, Cook was acting on what he supposed plaintiff's wife would do, and that, while he thought to give her the smooth road, "because she was a lady," he did just what was the dangerous and the wrong thing to do. While the assignment and the propositions thereunder point out technical errors, they are not such as, under the pleadings and proof, should reverse the case. The assignment is overruled.

[2] The trial court gave the following charge:

"You are further charged, as a part of the law of this case, that, when there are no other vehicles which can be interfered with, one is at liberty to drive on any part of the highway he may choose, or may find most convenient or agreeable for the purpose of travel; but, on meeting a vehicle, it is the duty of each driver to turn to the right, unless there are obstacles on the right side of the road, or from the circumstances of the meeting reasonable prudence should demand a turn to left. Unless you find and believe from the evidence that there were obstacles which prevented his turning to the right, or from the circumstances which appeared to him at the time of the meeting the defendant E. S. Cook acted as a reasonably prudent person should have done in turning to the left, then you are charged that it was his duty to use greater care to avoid a collision than if he had turned to the right side."

The court, in connection with this subdivision of the charge, defined negligence. The second assignment complains of the charge and asserts the proposition that:

"Where one automobile is being driven west along the north side of a public road running east and west, approaching a point where a generally traveled track leaves such public road for a short distance in a curvature or detour to the north, it is not the duty, as a matter of law, of the driver of such west-bound car to drive off of such public road and onto such generally traveled detour, in order to turn to the right of another car approaching from the west upon such detour or curvature."

The criticism is not directed to the latter part of the charge, where the jury is told that it was then Cook's duty to use greater care than if he turned to the right. The court does not tell the jury in the charge that it is the duty of the west-bound car "to drive off of such public road and onto such generally traveled detour"; but, the evidence showing that it is the custom and rule of the road to turn to the right, it was Cook's duty to have done so, unless obstacles would prevent his doing so, or unless prudence would demand his turning to the left, leaving the jury to determine his duty under the facts as the jury would find the facts to be. The charge is not subject to the criticism made. The assignment is overruled.

[3] Neither Cook's pleading nor his proof shows the collision to have been a mere unavoidable accident, and it is not reversible error to refuse to charge the jury upon the law of accident as submitted in the third assignment.

As to the fourth assignment, our view is sufficiently expressed upon this ground in passing upon the first assignment.

The fifth assignment is directed to remarks of counsel in discussing the charge of the court and applying the evidence to issues therein presented. We have expressed our view of the charge in discussing a previous assignment, and believe the fifth does not present reversible error.

[4] Appellants Eicke and Bray requested a peremptory charge in their favor, and the court's refusal to give it is made the ground of the sixth assignment. It is claimed, substantially, under this assignment, that while Cook was permitted to use one of their demonstrating cars in making sales in territory in which he could operate, he was at the time of the accident at Trent, a territory in which

he was not authorized to demonstrate their cars, or otherwise act as their agent, and at the time was acting independently of his agency and in no wise representing them, and, the act being a tort, they are not responsible. It is further claimed that, to make appellants Eicke and Bray liable, it must appear that at the very time of the accident Cook was going directly to, or returning from an appointment with, or was actually demonstrating his car to, a prospective purchaser. Cook stated that one of his purposes in going on the trip he made on the day of the accident was to demonstrate and sell a car to Southworth, who lived about 1½ miles from Trent, near the Nolan county line, and that, as to territory, he could have made the Southworth sale. Eicke testified that he did not know just where Southworth lived, but that, if he lived within 1½ miles of Trent he was out of the territory in which Cook was authorized to demonstrate or sell cars for the Auto Sales Company.

Under the proof the jury could say that, under the agreement of agency between Cook and the Auto Sales Company, and as to territory, Cook was authorized to demonstrate and sell a car to Southworth. Cook, in demonstrating his car to Southworth on the day of the accident, took Southworth to Trent and as far east as Merkel, and brought him back. But at the time of the accident Southworth was not with Cook, and Cook was not then demonstrating the car to Southworth, nor, so far as the proof shows, to any one else. While Cook was then driving the demonstrating car belonging to the Auto Sales Company, he was not then actually demonstrating the car to a prospective purchaser. He was returning to Sweetwater, from a trip in which he had demonstrated the car in a territory in which, and to a prospective purchaser to whom, Cook said he could make the demonstration and sale. It is our opinion that, in order to make the Auto Sales Company liable, it would not be necessary that Cook, at the very time of the accident should then be actually demonstrating the car to a prospective purchaser, or be in a direct route in going to or returning from the place where the demonstration is to be made or was made. To make a demonstration of the car to Southworth, as Cook said he had the right to do, he went to Southworth's home, and took him to Merkel. He was on his return to Sweetwater from a trip on which he had demonstrated the car to Southworth, and was then driving the car given him by the Auto Sales Company for the purpose of making demonstrations to a proposed purchaser.

There is some evidence in the record tending to show that Cook was more or less an independent salesman of cars represented by the Auto Sales Company, and while so act-

ing could go when and where he pleased; but even then, when so acting, he was authorized under the arrangement with the Auto Sales Company to use their demonstration cars. If we consider Cook at the time of the accident an independent salesman of the car he was then driving, it still appears from the record that the Auto Sales Company owned the car, that it was let to Cook for making the demonstration, and that, had a sale been made to Southworth, it would have been a sale of a car belonging to the Auto Sales Company and in which sale Cook would have received a commission from them, and the sale would have been to the benefit of each. From the testimony shown in the record, too voluminous to quote here, we believe that the evidence is sufficient to justify the court in submitting the question of Cook's agency to the jury, and that it was not error to refuse to give the peremptory charge requested.

[5] Eicke and Bray requested the court to submit to the jury the following:

"Was the defendant, at the time of the accident, acting for the Auto Sales Company in the matters of their business?"

The refusal of the court to submit the question is made the basis of appellant's seventh ground of error. The question, if submitted, was as to an evidentiary fact only, would not have determined the question of the agency of Cook, and would have tended only to a confusion of the main issue, that of agency of Cook; Cook's agency under the facts pleaded and proved not depending solely upon the question as to whether Cook was acting in the matter of the company's business. Suppose the jury had answered the question either "yes" or "no," the answer would not have determined the main question at issue. It would still have been confused with the undisputed facts discussed under the sixth assignment. We do not believe our holding in this and the preceding assignment to be in conflict with G., H. & S. A. Ry. Co. v. Currie et al., 100 Tex. 136, 96 S. W. 1073, 10 L. R. A. (N. S.) 367, to which we are referred, where it was held that where one employé in a railroad round house, while using compressed air in the line of his duty, in sport turned it on a subordinate, causing his death, and in which it was held that the railroad company was not liable. We believe that the use of the car by Cook at the time of the accident comes more nearly under the facts of Prince v. Taylor, 171 S. W. 826, and the cases referred to in discussing the motion for rehearing.

What we have said in discussing the sixth assignment applies to the eighth.

Justice HIGGINS limits his concurrence to the result.

Finding no reversible error, the case is affirmed as to all of the appellants.