**WOODWARD–WANGER CO. v. NELSON et al. (No. 2189.)**

Court of Civil Appeals of Texas. El Paso. Nov. 15, 1928.

Rehearing Denied Dec. 13, 1928.

Thompson, Knight, Baker & Harris, of Dallas, for appellant.

Geo. Sergeant, of Dallas, for appellees.

HIGGINS, J. This is a suit by Mrs. Nelson and husband for themselves, and as next friend for their minor son, against the Woodward-Wanger Company, a corporation, to recover damages to an automobile in the sum of $81.90, and for $400 damages account personal injuries sustained by the child, caused by a collision between an automobile driven by Mrs. Nelson and another automobile driven by J. A. Farris, a traveling salesman for appellant.

The collision occurred about 3:30 p. m. in the City of Dallas, at the intersection of Marsalis avenue and Fifth street.

The case was submitted upon special issues, all of which were found in plaintiff's favor, and judgment rendered for the sums stated above.

It was claimed by appellant that Farris was an independent contractor, and further that, at the time of the collision, he was not engaged in the course of his employment, but upon a mission of his own; namely, to pay a social call upon a young lady in Oak Cliff. The sufficiency of the evidence to support the findings favorable to appellees upon these issues is attacked.

The car driven by Farris was owned by him. He lived at a hotel in Dallas, and his territory covered a large area in the state.

The only evidence upon the issue of the relationship existing between appellant and Farris is shown by the testimony of the latter. In substance, it was that he was a traveling man, selling goods on commission for Woodward-Wanger Company at the time of the happening of the injuries complained of, and had been so engaged for about six years. His sales were made by catalogue and by sample. He personally owned the automobile causing the collision. His movements, his route, and the customers on whom he called were matters of his own concern, and not subject to control or supervision by the Woodward-Wanger Company. His remuneration was on a commission basis, depending on the contracts he procured and sent in to his company.

The only Texas case cited by appellant in support of the view that Farris is to be regarded an independent contractor is Shannon v. Western Indemnity Co. (Tex. Com. App.) 257 S. W. 522, where the question arose upon a very different state of facts. It has no present application, except as a good statement and discussion of the general rules to be applied in determining whether Farris is to be considered an independent contractor or employee with respect to the service he rendered appellant as a traveling salesman for its wares. Appellant cites several cases from other jurisdictions which, upon substantially the same facts, hold that a traveling salesman, such as Farris, is to be regarded as an independent contractor.

The question has arisen in a number of Texas cases upon similar state of facts, and it has been held that a traveling salesman such as Farris is not an independent contractor, but an employee. Patton-Worsham Drug Co. v. Drennon (Tex. Civ. App.) 123 S. W. 705; Id., 104 Tex. 62, 133 S. W. 871; U. S. F. & G. Co. v. Lowry (Tex. Civ. App.) 231 S. W. 818; Auto Sales Co. v. Bland (Tex. Civ. App.) 194 S. W. 1021. These cases are regarded as correctly decided. Upon the authority thereof the question at issue is ruled against appellant.

The only direct competent evidence upon the issue of whether Farris was acting in the course of his employment at the time of the accident comes from him and a young lady.

He testified he was not working that day because there was a drizzling rain, and at the time of the accident he was going to pay a social call upon a young lady. In this he is corroborated by the lady whom he says he was going to see. She testified she had telephoned to Farris in the morning inviting him to call upon her at her home on Gladstone street, and Farris said he would come out later in the day. She also testified Marsalis avenue was one of two or three routes which might be traveled in coming to her home from the city.

This evidence raises but a surmise or suspicion that at the time of the accident Farris was upon business of his master; a surmise arising only out of the fact that he was an employee of appellant and the accident occurred during the usual working hours of the day. Even this surmise is much weakened by the fact that the car he was driving was not owned by the master but by Farris, and was used by the latter for his personal purposes as well as business. Had the car been owned by appellant and furnished Farris for use in the master's business a different situation would be presented. Browne v. Hanagriff (Tex. Civ. App.) 270 S. W. 890.

Mere surmise and suspicion of the existence of a fact is insufficient to support a finding. Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059.

In the light of the competent evidence upon the issue, the finding that at the time of the collision Farris was in the course of his employment should and will be set aside. Langford v. El Paso Baking Co. (Tex. Civ. App.) 1 S. W. (2d) 476, and cases cited.

There was offered in evidence a paragraph of a report made by Farris to appellant, which reads:

"I started to work Thursday after catalogues, getting in drizzling rain, and collided with another Ford Sedan. The way it happened, going out Marsalis, a car driven by a lady, who lived at 1304 Englewood Avenue, turned to the left and she and I collided. Had my car pulled in."

Upon motion of defendant, the jury was instructed that same was admitted for the purpose of impeachment, and should be considered for that purpose only.

Upon the question last discussed, appellee's position is that this report, in connection with Farris' testimony that he sold from catalogues, showed that he had started to work going for catalogues, and the intended visit to the young lady was but a mere incident to his business mission of getting catalogues, wherefore the appellant is liable. See Pierce-Fordice Oil Ass'n v. Brading (Tex. Civ. App.) 212 S. W. 707; Friend-Rowe Motor Co. v. Ricci (Tex. Civ. App.) 293 S. W. 851; Auto Sales Co. v. Bland (Tex. Civ. App.) 194 S. W. 1024; Whimster v. Holmes, 177 Mo. App. 130, 164 S. W. 236.

And in this connection appellee cross-as-

-signs error to the action of the court in limiting the consideration of the report to impeachment.

The letter was admissible to impeach the contradictory testimony given by Farris upon the trial as- to his mission at the time of the collision.

But evidence admissible only for the purpose of impeachment cannot be considered as establishing the truth of the matters contained in the contradictory statement. Jones on Evidence (2d Ed.) § 858.

The court did not err in limiting the evidence to the purpose stated. Gulf, C. & S. F. Ry. Co. v. York, 74 Tex. 364, 12 S. W. 68, and cases cited in 6 Michie, Digest, 45, 46.

■ The court also erred in admitting the testimony of the witness Wade to the effect that immediately after the accident Farris told him he "would be glad to see everything taken care of by him or his people." Farris is not shown to have had any authority to bind appellant to pay the damage caused by the collision or assume liability therefor in its behalf.

Reversed and remanded.