## McCOY v. BEACH–WITTMAN CO. et al.
### (No. 3278.)

Court of Civil Appeals of Texas. Amarillo. Sept. 25, 1929.

Rehearing Denied Oct. 23, 1929. Application for Writ of Error Dismissed Dec. 18, 1929.

Vickers & Campbell, of Lubbock, for appellant.

Touchstone, Wight, Gormley & Price, of Dallas, and Bledsoe, Crenshaw & Dupree, of Lubbock, for appellees.

JACKSON, J. This suit was instituted in the district court of Lubbock county, Tex., by the plaintiff, P. C. McCoy, against Charles O. Mitchell and the Beach-Wittman Company, a corporation, as defendants, to recover damages for personal injuries alleged to have been received by plaintiff on account of the negligence of the defendants. Plaintiff alleges:

That the Beach-Wittman Company is engaged in the sale and distribution of automobile parts and accessories to the public in the state of Texas. That it sells its products through traveling salesmen, who are its agents and employees. That each agent or traveling salesman is allotted certain territory in which to make sales and transact business for the company. That the defendant Charles O. Mitchell was a traveling salesman and employee of the Beach-Wittman Company, and a part of the territory allotted to him by his employer was Lubbock county, Tex. That, as such employee and salesman, his work and movements were directed, supervised, and scheduled by his employer, his codefendant, and he was paid an agreed salary for his services. That he was furnished a Ford coupé by his employer in which to make his territory. That, if plaintiff is mistaken as to the employer furnishing the car and it was the property of Charles O. Mitchell, then plaintiff alleges that the employer, Beach-Wittman Company, paid all the expenses and upkeep of said car as a part of

the consideration for the services rendered, and required the said Mitchell to use said car in the performance of his duties.

That about April 7, 1928, Charles O. Mitchell, while in his territory and acting within the scope of his authority and in the discharge of his duties to his employer, was going from Lubbock, Tex:, to Slaton, Tex., in said Ford coupé, traveling state highway No. 7. That he was carelessly driving at a speed of about 35 miles per hour, and negligently running said car from the right side of the highway to the left side of the highway, and continued at said speed and to drive from one side of the highway to the other until his car collided with the car in which plaintiff, as the guest of T. C. Calley, was riding along the highway in the opposite direction. That neither plaintiff nor T. C. Calley were guilty of negligence which caused or contributed to said collision. That by the collision plaintiff received personal injuries which he sets out in detail, resulting in his damage in the sum of $5,200. That the collision was due to the negligence of the defendants and each of them in the manner in which said car was being operated along the highway, and such negligence was the proximate cause of plaintiff's injuries.

The defendant Charles O. Mitchell answered by general demurrer and general denial.

The Beach-Wittman Company answered by general demurrer, special exceptions, general denial, and pleaded that the negligence of T. C. Calley, in whose car plaintiff was riding at the time of the accident, was the proximate cause of the collision and injury, and that plaintiff was guilty of negligence in failing to use the proper degree of care for his own safety, in that he knew, or could have known, that T. C. Calley, with whom he was riding, was driving on the left-hand side of the road at a dangerous, excessive, careless, and unlawful rate of speed, and failed to warn or urge him to drive his car on the right-hand side of the highway and to regulate the speed thereof, which failure proximately contributed to the accident and plaintiff's injuries. This defendant also pleaded that the collision was the result of an unavoidable accident, and specially alleged that it was not the owner of the car which Mitchell was driving on the occasion of the accident, but that said car was the personal property of the said Mitchell, and that the said Mitchell, on the occasion in question, was not on duty for the Beach-Wittman Company, was not in the course of his work, but on the trip was going on a mission of his own, to wit, to Abilene to spend Sunday with his wife.

At the conclusion of the testimony, the court directed a verdict in favor of the Beach-Wittman Company, but submitted to the jury as between plaintiff and Charles O. Mitchell special issues, in response to which the jury found that Charles O. Mitchell, im-

mediately preceding and at the time of the collision, was guilty of negligence, but that such negligence was not the sole proximate cause of the accident; that T. C. Calley, the driver of the car in which plaintiff was riding, was guilty of negligence immediately preceding and at the time of the collision, but that the negligence of Calley was not the sole, proximate cause of the accident; that the plaintiff, P. C. McCoy, was not guilty of contributory negligence; that the plaintiff was damaged in the sum of $550 by reason of his injuries and $200 by reason of hospital, surgical, and medical expenses which he had to incur.

On these findings, the court rendered judgment that the plaintiff take nothing by his suit, and that both the defendants go hence with their costs, from which judgment this appeal is prosecuted.

The appellant challenges as error the action of the trial court in peremptorily instructing the jury to return a verdict in favor of the Beach-Wittman Company, because the evidence was sufficient to require the court to submit, for the determination of the jury, whether at the time of the accident the defendant Charles O. Mitchell was acting within the scope of his authority under the terms of his employment.

The testimony shows that Mitchell was a traveling salesman employed and paid a weekly salary by the Beach-Wittman Company, and was allotted a certain territory in which to do his work, in which was Lubbock county; that Mitchell was the owner of the Ford coupé, and that his employer paid his expenses when he was away from home, including the cost of operating the car and keeping it in repair when the car was used in the services of the company; that Mitchell was instructed from time to time by his employer when he should work the towns in his territory, and, the record discloses, so far as his employer knew, he obeyed such instructions; that on the day of the accident he had gone from Plainview to Lubbock, worked in the town of Lubbock until about 6 p. m., got in his car, and started to Abilene to spend the following day, Easter Sunday, with his wife; that he had headquarters at Dallas and also at Abilene, but there is no testimony even tending to show that he had any business for his employer at that time in the town of Abilene or in any town or with any customer in the part of his territory between Lubbock and Abilene.

The uncontroverted testimony is that he had no business to transact for his company in that portion of his territory, but that the next service he was required to perform for his employer was to be done in Amarillo on the following Monday, and that the sole reason for his going to Abilene was to spend Easter Sunday with his wife, and that he paid his expenses on such trip, which was made, or begun, without the knowledge or

consent of his employer; that the collision occurred on the highway about 6:30 p. m., some eight or nine miles out of Lubbock, on the Saturday afternoon preceding Easter Sunday.

"To hold the master liable for the act of his servant, it is not necessary that the servant should have authority to do the particular act. The act of the servant may be contrary of his express orders, and yet the master may be liable. But the act must be done within the scope of the general authority of the servant. It must be done in furtherance of the master's business, and for the accomplishment of the object for which the servant is employed." I. & G. N. Ry. Co. v. Anderson, 82 Tex. 56, 17 S. W. 1039, 1040, 27 Am. St. Rep. 902.

"The liability of the master in cases of this kind is to be determined by the application of the general principles of the law of master and servant. In such cases the burden is upon the plaintiff seeking to hold the master for an injury inflicted by the servant to 'show that the servant did the wrong while acting within the scope of his employment,' and the act (of driving the automobile in this instance) 'must be done in furtherance of the master's business and for the accomplishment of the object for which the servant is employed.'" Van Cleave et al. v. Walker et al. (Tex. Civ. App.) 210 S. W. 767, 768.

To the same effect is the holding in Gordon v. Texas & Pacific Merc. & Mfg. Co. (Tex. Civ. App.) 190 S. W. 748; Rew et al. v. Stoddard et ux. (Tex. Civ. App.) 225 S. W. 836; Hemphill v. Romano et al. (Tex. Civ. App.) 233 S. W. 125; Murphy et ux. v. Gulf Production Co. (Tex. Civ. App.) 299 S. W. 295; Woodward-Wanger Co. v. Nelson (Tex. Civ. App.) 11 S.W.(2d) 371.

In order for the plaintiff to be entitled to recover against the Beach-Wittman Company, it was necessary for him to show that Charles O. Mitchell was not only an employee of said company at the time of the collision, but that he was also engaged at the time in the furtherance of the business of his employer and for the accomplishment of the object for which he was employed.

In our opinion, the evidence shows that Mitchell was the employee of the Beach-Wittman Company, but wholly fails to show that at the time of the collision he was engaged in the business of his employer, but does affirmatively show that he was engaged in a private and personal matter, and the court was authorized to direct a verdict in favor of the Beach-Wittman Company.

The appellant challenges as error the action of the court in rendering a judgment in favor of Charles O. Mitchell, because, under the findings of the jury, which is supported by the testimony, such judgment was unauthorized.

The jury found that the appellant was not guilty of contributory negligence, and found that the appellee Charles O. Mitchell was guilty of negligence, but that such negligence was not the sole proximate cause of appellant's injury.

The jury also found that the driver of the car in which appellant was riding at the time of the collision was guilty of negligence, but that his negligence was not the sole proximate cause of appellant's injury.

The evidence is undisputed that the collision was the cause of the injury, and, while the issue of proximate cause is as a general rule a question of fact to be submitted to the jury, the testimony may be such that the court may assume the existence of proximate cause as a matter of law. St. Louis, S. W. Ry. Co. of Texas v. Missildine (Tex. Civ. App.) 157 S. W. 245. It being uncontroverted that the collision was the proximate cause of the injury, in order for appellee Charles O. Mitchell to defeat appellant's right of recovery against him, it was incumbent for the testimony to show that the negligence of the driver of the car in which appellant was riding was the sole proximate cause of the injury; because, where two acts of negligence or two efficient causes contribute to an injury, and without the operation of each cause or each act of negligence the injury would not have occurred, each act of negligence or each efficient cause is a proximate cause. Hardin et al. v. Rust (Tex. Civ. App.) 294 S. W. 625.

In the case of West v. Bruns (Tex. Civ. App.) 294 S. W. 235, it is held that the concurrent negligence of two automobile drivers resulting in the injury of a guest riding with one will entitle such guest to recover from either or both of such parties.

Under the findings of the jury and these authorities, we think the court clearly erred in rendering judgment against appellant and in favor of appellee Charles O. Mitchell.

The appellant presents as error the action of the court in excluding certain testimony relative to the filing of a claim by appellee Mitchell, on which he collected compensation from the insurance company with which the appellee Beach-Wittman Company carried insurance for the protection of its employees.

The record discloses that this claim was made by the stenographer of the Beach-Wittman Company on information furnished her by appellee Mitchell. We do not think, under the conditions revealed by this record, that this testimony was admissible against the Beach-Wittman Company, and while it was doubtless admissible for the purpose of impeaching, if it would have done so, some of the testimony of Charles O. Mitchell, it still would not have authorized a verdict against appellee Beach-Wittman Company. Woodward-Wanger Co. v. Nelson (Tex. Civ. App.) 11 S.W.(2d) 371.

The judgment in favor of the Beach-Wittman Company is affirmed. The judgment in

favor of Charles O. Mitchell is reversed, and the cause as to him and appellant remanded for another trial.