## HOUCK et al. v. McDONALD.
## No. 4000.

Court of Civil Appeals of Texas. Amarillo.

April 5, 1933.

Rehearing Denied April 26, 1933.

James O. Cade, of Amarillo, for appellants.

W. S. Birge, of Amarillo, for appellee.

HALL, Chief Justice.

McDonald sued J. W. and W. H. Houck to recover the value of an automobile which plaintiff alleges was destroyed by the act of defendants' driver in running into plaintiff's car on the public highway at 6:30 o'clock in the morning. McDonald alleges that he had stopped his car on the edge of the highway for the purpose of assisting a third party in getting the latter's car out of the ditch, that he left the lights burning on his car, and that the defendants' chauffeur driving their truck negligently ran into plaintiff's car and utterly demolished it.

The defendants answered, alleging that their "truck was driving in a westerly direction on the highway * * * that as defendants' driver drove defendants' car past the lights of said parked car, said driver of defendants' car discovered that the Hudson car belonging to plaintiff was located on said highway," etc. It is further alleged "the defendants further show to the Court that their driver was driving at a reasonable rate of speed," etc. By cross-action they sought to recover of McDonald damages to their truck in the sum of $586.33.

The case was submitted to a jury, and resulted in a judgment in favor of plaintiff and against both of the Houcks, jointly and severally, in the sum of $260. From this judgment the Houcks have appealed.

They insist that the court erred in not directing a verdict in their favor and in rendering a judgment against them, for the reason that there was no evidence offered showing any liability whatsoever against them.

■ It must be admitted that the evidence is insufficient to entitle McDonald to recover. He seeks to hold the defendants liable for the negligence of the driver of their truck. The rule is well settled, as stated by Jackson, Justice, of this court, in McCoy v. Beach-Wittman Co., 22 S.W.(2d) 714, 716, as follows: "The liability of the master in cases of this kind is to be determined by the application of the general principles of the law of master and servant. In such cases the burden is upon the plaintiff seeking to hold the master for an injury inflicted by the servant to 'show that the servant did the wrong while acting within the scope of his employment,' and the act (of driving the automobile in this instance) 'must be done in furtherance of the master's business and for the accomplishment of the object for which the servant is employed.' "

■ While it is true that one party need not prove facts admitted in pleading by the opposite party [7 Tex. Jur. 576; Southland Lumber Co. v. Boyd (Tex. Com. App.) 244 S. W. 119; Fidelity Casualty Co. v. Koonce (Tex. Civ. App.) 51 S.W.(2d) 777], the pleadings of the defendants in this case nowhere admit that the driver of their truck wrecked McDonald's

car while in the performance of his duties to them as a servant. So far as the evidence shows, Otis Gilbert, the driver of defendants' truck at the time of the accident, may have been going to Hereford on a mission of his own.

In his brief appellee states that the suit was brought against the Houcks "alleging them to be doing business as partners under the firm or trade name of Amarillo Baking Company." This is doubtless the allegation in the original petition, which is not in the transcript. The case was tried upon McDonald's first amended original petition, in which there is no such allegation. The filing of the amendment without the fact of partnership being alleged and the further allegation that the defendants were doing business under the firm name of Amarillo Baking Company constitutes an abandonment of such allegations. Rockhold v. Lucky Tiger Oil Co. (Tex. Civ. App.) 4 S.W.(2d) 1046. In the absence of such allegations, it was not necessary for the defendants, under R. S. art. 2010, subd. 6, to deny the fact of partnership.

For the reasons stated the judgment is reversed, and the cause remanded.