TEXAS EMPLOYERS' INS. ASS'N v. OWEN et al. (No. 816–4849.)*

Commission of Appeals of Texas, Section B. Oct. 19, 1927.

1. **Master and servant ☞367—Test in determining whether one injured is employee or "independent contractor" is whether employer exercised control of work.**

Test in determining whether one injured is an employee or an independent contractor is whether employer had and exercised control over him in prosecution of his work, a "contractor" being any person who, in pursuit of an independent business, undertakes to do specific piece of work for other persons, using his own means and methods, without submitting himself to their control in respect to all its details, and who represents the will of his employer only as to result of his work.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Independent Contractor.]

2. **Master and servant ☞417(5)—Whether trucker hauling gravel in own truck was employee rather than independent contractor held for jury.**

In action to set aside Industrial Accident Board's decision denying claimants compensation, question whether trucker, hauling gravel from pit, where evidence showed he furnished truck, was an employee rather than an independent contractor, was properly submitted to jury where there was evidence tending to show deceased was an employee and the contract was oral.

3. **Master and servant ☞417(5)—Where court could not say as matter of law that deceased was independent contractor, issue was properly submitted to jury.**

In action to set aside Industrial Accident Board's decision denying claimants compensation, where court could not say as matter of law that deceased was an independent contractor, issue was properly submitted to jury.

4. **Master and servant ☞371—Term "injuries sustained in course of employment" means injuries of every kind having to do with and originating in employer's business.**

Term "injuries sustained in course of his employment" means injuries of every kind or character having to do with and originating in work, business, trade, or profession of employer, received by an employee while engaged in or about furtherance of affairs or business of his employer, whether upon employer's premises or elsewhere.

5. **Trial ☞351(5)—Refusal of requested issues as to whether injuries were received in employer's business held not error, in view of issue submitted.**

In action to set aside decision of Industrial Accident Board denying claimants compensation and to recover as beneficiaries, refusal of defendant's requested issues as to whether deceased's injuries were received while engaged in furtherance of his employer's business *held* not error as refusing to submit defendant's affirmative defense, in view of issue actually submitted.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by Mrs. D. J. Owen and others, surviving wife and children of D. J. Owen, deceased, against the Texas Employers' Insurance Association to set aside the final decision of the Industrial Accident Board denying them compensation, and to recover as beneficiaries. Judgment for plaintiffs was reversed by the Court of Civil Appeals (291 S. W. 940) and cause remanded, and both parties bring error. Judgment of Court of Civil Appeals reversed, and that of District Court affirmed.

Lawther, Pope, Leachman & Lawther, of Dallas, for plaintiff in error.

John F. Evans, Jr., of Breckenridge, and Levy & Evans, of Fort Worth, for defendants in error.

SPEER, J. Writs of error have been granted to both parties herein to review the judgment of the Court of Civil Appeals for the Seventh District, wherein it reversed the judgment of the district court and remanded the cause for another trial. The cause was one instituted by defendant in error, Mrs. Owen, as surviving wife, in her own behalf and on behalf of the children of D. J. Owen, deceased, to set aside the final decision of the Industrial Accident Board denying them

―――――――――――――――――――――――――――――――――――

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied December 7, 1927.

compensation and to recover as beneficiaries against the Texas Employers' Insurance Association for the death of D. J. Owen, while engaged as an employee of the McKnight Transfer, Livery & Sales Company, a subscriber and policy holder in the association. The cause was submitted upon special issues in the trial court upon the answers to which judgment was rendered for the plaintiffs. Upon appeal this judgment was reversed for the refusal of the trial court to submit certain requested special issues. 291 S. W. 940.

[1] We agree with the Court of Civil Appeals in its disposition of the association's assignments, complaining that the trial court should have given its summary instruction, and that that court erred in submitting the issue whether or not the deceased was an employee of the McKnight Transfer, Livery & Sales Company at the time of the accident in question. We approve what was said by Associate Justice Jackson upon these questions. The facts of this case certainly do not bring the deceased within the accepted definition of an "independent contractor." This definition is admirably stated in Shannon v. Western Indemnity Co. (Tex. Com. App.) 257 S. W. 522:

"A contractor is any person who, in the pursuit of an independent business, undertakes to do a specific piece of work for other persons, using his own means and methods, without submitting himself to their control in respect to all its details. The true test of a contractor would seem to be that he renders service in the course of an independent occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished."

Practically the only indicium of employer and independent contractor is that the deceased owned and furnished the truck for hauling the gravel that he was engaged to deliver. But this circumstance is no more controlling than if he had insisted upon furnishing his own shovel for loading the gravel when he was otherwise employed as a common laborer by the day. There is lacking here the indispensable feature of an "undertaking to do a specific piece of work." There was not contemplated any completed job. It was a mere service at the will of the parties. There are many features shown by the evidence and stated by the Court of Civil Appeals, wherein the McKnight Company had and exercised control over the deceased in the prosecution of his work. This is the test. As early as Cunningham v. International Railroad Co., 51 Tex. 503, 32 Am. Rep. 632, the Supreme Court, quoting from Sherman and Redfield on Negligence, said:

"He is deemed the master who has the supreme choice, control, and direction of the servant, and whose will the servant represents not merely in the ultimate result of the work, but in all its details."

This "control" refers to the services to be performed under the contract; that is, it pertains to the precise thing to be done. It, of course, does not relate to those things excluded from the service through the operation of the contract by reservations, limitations, or the like. It relates only to the service within the contract. There is no reason why one who undertakes to serve another may not stipulate for conditions in that service such as the furnishings of tools, the limitation of hours, and the like, thus in a measure controlling the details of the service, without in any wise becoming an independent contractor. This, for the simple reason he has not undertaken a service in which the employer is interested only in the result of his work and not as to the means by which it is accomplished, which feature enters into all the definitions submitted by the courts.

[2, 3] There being evidence, then, tending to show that the deceased was an employee of the McKnight Company rather than an independent contractor, and the contract being oral, there was no error in submitting that issue to the jury. Likewise, since the court could not say as a matter of law that the deceased was an independent contractor, the plaintiff in error cannot complain that he submitted that issue also to the jury. We think all assignments of error by Texas Employers' Insurance Association should be overruled.

The Court of Civil Appeals reversed the judgment of the trial court, however, for its refusal to submit the defendants' requested issue No. 5, as follows:

"Did the injury sustained by D. J. Owen, deceased, have to do with and originate in the work, business, trade, or profession of the McKnight Transfer, Livery & Sales Company?"

And its special issue No. 6, as follows:

"Did D. J. Owen, deceased, receive the injury which resulted in his death, while he was engaged in or about the furtherance of the affairs or business of McKnight Transfer, Livery & Sales Company?"

The Court of Civil Appeals was of the opinion that this amounted to a refusal to submit the defendant's affirmative defense within the rule laid down in Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517. In this we think the court erred. The rule of practice announced in the Fox-Dallas Hotel Co. Case is undoubtedly sound, but the facts of this case do not come within that rule. That was a negligence case in which the trial court submitted a single question covering all contributory negligence issues. The defendant not only objected to this form of submission, but requested in writing that the several contributory negligence issues be separately submitted. Justice Greenwood, speaking for the court, said:

"Each group of facts pleaded by defendant in error, which, standing alone, would, if proven, constitute a complete defense to plaintiff in error's suit, presented an issue. It was the statutory right of defendant in error to have the issue presented by each complete plea submitted separately to the jury, just as plaintiff in error had the right to have submitted each issue, entitling her to recover, which she pleaded and proved. The court submitted separately, as the statute required, each group of facts relied on by plaintiff in error, under her pleadings and the evidence, to constitute negligence on the part of defendant in error. The court, over the objection of defendant in error, refused to submit separately each group of facts relied on by defendant in error, under its pleadings and the evidence, to constitute contributory negligence on the part of Alexander Fox. "In submitting either negligence or contributory negligence, special issues should be restricted to specific acts of negligence alleged and proven. It was no less improper, to submit the general question of Fox's contributory negligence, over objection, without regard to the specific acts of negligence pleaded and supported by proof, than it would have been to have submitted the general question of defendant in error's negligence, without regard to the specific acts of negligence set out in plaintiff in error's petition."

It is apparent the error for which a reversal of that case was had, and the practice which the opinion was intended to condemn, was the failure to submit separately any fact or group of facts in evidence which would authorize a finding favorable to the complainant. The present case does not come within the letter or spirit of that rule. Special issue No. 2, submitted by the court, is as follows:

"Did the deceased, D. J. Owen, in the course of his employment at the time and place in question, sustain injuries which resulted in his death?

"The term 'injuries sustained in the course of his employment,' as here used, means injuries of every kind or character having to do with and originating in the work, business, trade, or profession of the employer, received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere."

[4] In the explanation of terms the court has given an accurate definition of the ex-

pression "in the course of his employment," and as thus defined has submitted the fact to the jury. That ultimate fact was whether or not the deceased was injured "in the course of his employment," which term is explained in the very words of the requested issues.

[5] Now defendant's requested issues Nos. 5 and 6 do not seek to submit any separate fact or group of facts from that actually submitted, but rather they merely seek a repetition of the issue somewhat differently phrased. In these requests they seek to submit the issue of injury in the course of employment, in terms of the statutory definition of that expression, which, of course, means identically the same thing as that actually submitted. By no possible construction could it be held that the submission of the issue in the form requested would have been more favorable to the defendant than was the form in which it was submitted. The identical fact was necessarily involved in both issues. As well might it be contended that where the court had submitted to the jury in a negligence case whether or not the act found constituted negligence as therein defined, to wit, "The doing of that which an ordinarily prudent person would not have done under the same circumstances, or the failure to do that which an ordinarily prudent person would have done under similar circumstances," it should further, upon the written request of the defendant, submit a special issue whether or not a person of ordinary care would have committed the act or would not have committed the act, as the case may be. In both cases, the same fact is indisputably submitted, and the wholesome rule defined in the authorities and relied upon by the Court of Civil Appeals in this case has been in no wise violated.

We therefore recommend that the judgment of the Court of Civil Appeals, in so far as it reverses the judgment of the district court and remands the cause, be itself reversed and judgment be here rendered affirming in all respects the judgment of the trial court.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.