WASCHMAN v. WETTERMAN et al.
(No. 7311.)

Court of Civil Appeals of Texas. Austin.
Feb. 6, 1929.

Richard W. Mayfield, of Giddings, for appellant.

R. L. Henderson, of Waco, for appellees.

BAUGH, J. Appellee, joined by her husband, sued appellant, her brother, to recover $500, alleged to have been held by him in trust for her under an express trust agreement between them. Judgment was entered upon a special issue finding of a jury in appellees' favor; hence this appeal.

In his first three propositions appellant attacks the sufficiency of appellees' pleadings, insisting that at most only a relationship of debtor and creditor was alleged, and that appellant's demurrers should have been sustained. We do not sustain this contention. Though inartistically drawn appellees' petition alleged substantially the following: That appellant and appellee were the only children of John and Caroline Waschman; that John Waschman died intestate in 1895, leaving a community estate worth about $2,000, consisting of 82 acres of land in Lee county and some personal property; that about three years after his death, appellee, then single, and her mother, Caroline Waschman, by separate deeds, conveyed their interest in the estate of John Waschman, deceased, to appellant that he might have full management and control of the place as his father would have if living; that the interest of appellee was agreed upon as being of the value of $500; that by mutual agreement between appellant and appellee this $500 was to be held in trust by him and not demanded so long as their mother lived; that the purpose of said agreement and trust, and the consideration therefor, was that their mother would live with appellant the rest of her life and that he would take care of her until her death; that ever since said agreement, to wit, about 1898, their mother made her home with appellant and still does so, and he had taken care of her; that appellee soon after such agreement married and moved away from Lee county; that during the month of June, 1927, appel-

lant for the first time denied that he held any money in trust for her, at which time she demanded payment to her of same, and because of his repudiation of such trust and continued refusal to pay her she brought this suit.

We consider these pleadings sufficient to allege a cause of action. The rule stated in 39 Cyc. 620, is that the petition must allege "with certainty and distinctness all the facts relied upon to show the creation and existence of the trust." See, also, Enc. of Procedure, vol. 25, p. 83; 26 R. C. L. 1366. Appellee did not allege the exact manner in which the trust estate was to be used, but she did allege that appellant was to have complete control and management of it so long as their mother lived and he should take care of her; and in effect that the use of it should inure to the benefit of their mother in that appellant was to take care of her. These matters, if proven, would impress as a trust fund the $500 consideration left with appellant for the uses alleged. Naber v. Brundage (Tex. Civ. App.) 273 S. W. 609.

The only issue submitted to the jury was, whether or not the agreement as alleged was made between appellant and appellee when she conveyed to him her interest in their father's estate, and the jury found that it was. We have read the statement of facts and find that there is sufficient evidence to sustain that finding.

There is no merit in appellant's contention that such oral agreement was not admissible because it sought to vary the terms of the deed. The deed was nowhere attacked nor sought to be varied in any manner. Nor is the consideration for its execution questioned. The result would have been the same here if appellant had paid to appellee the consideration in cash, and she had thereupon returned it to him to be kept and used for the benefit of their mother until her death.

Appellant next complains of certain testimony of appellee concerning a note due their father and collected by appellant after their father's death. Both parties testified with reference to this note. None of this testimony was pertinent to the only issue in the case, but we think it was wholly immaterial and harmless, if erroneously admitted. It is not controverted that the $500 consideration agreed upon, which appellant said he paid in cash at the time his sister, appellee, made the deed to him, and which she denied, was in full payment for her interest in her father's estate, both real and personal. This, of course, included her interest in the note, and whether appellant collected it or not, or whether he kept the proceeds, could have no bearing on the trust agreement in question.

Finding no error, the judgment of the trial court is affirmed.

Affirmed.