## DR. PEPPER BOTTLING CO. et al. v. RAINBOLDT et al.

### No. 1036.

Court of Civil Appeals of Texas. Waco. June 4, 1931.

Rehearing Denied July 9, 1931.

E. C. Gaines, of Austin, and Jos. W. Hale, of Waco, for appellants.

Bryan, Maxwell & Dardnne, of Waco, for appellee.

BARCUS, J.

Appellee, I. N. Rainboldt, for himself individually and as next friend for his six year old girl, instituted this suit against appellants, Dr. Pepper Bottling Company, a corporation, Henry Schroeder and F. A. Graham, to recover damages in the sum of $50,000 for personal injuries suffered by his child, Wanda Louise Rainboldt, and $8,000 doctors, medicine, and hospital bills which appellee, I. N. Rainboldt, alleged he had become obligated to and had in part paid. The cause was tried to a jury, submitted on fifty-four special issues, and resulted in judgment being entered for the child for $30,000 and for I. N. Rainboldt for $7,753.

It appears that Dr. Pepper Bottling Company was engaged in the manufacture of various bottled drinks; that it sold same by wholesale through certain agencies, the general plan being that it fixed the price at which the goods could be sold and to whom credit would be extended, and it employed salesmen or truck drivers who owned their own trucks, allotted to each salesman certain territory and paid a commission of seven and one-half cents when each case of bottled goods was

sold and seven and one-half cents when the empty case with bottles was returned. Each truck driver or salesman had the privilege of employing such help or helpers as he might deem wise. Henry Schroeder had been so employed by Dr. Pepper Bottling Company for about seven years; his route covered certain designated towns in McLennan county. He drove his own truck on which the sign "Dr.'Pepper Bottling Company" had been painted in large letters at the expense of Dr. Pepper Bottling Company. The company had no interest in the truck, and, under the contract of employment, Schroeder was to furnish the truck and pay for its upkeep and the expenses incident to running same. His entire wage consisted of the fifteen cents per case of goods when sold, and the empty bottles returned. Schroeder employed his son-in-law, F. A. Graham, to assist him in selling and delivering the merchandise, which fact was known to Dr. Pepper Bottling Company. Graham had been working for Schroeder for about a year and a half. Each morning Schroeder and Graham would go to the Dr. Pepper Bottling Company's office and load the truck for the day's sale; what goods were not sold, together with all the empty cases of bottles, would be returned in the afternoon to the Bottling Company, and the cash sales accounted for, and the credit slips delivered to the company for the sales made on a credit.

Schroeder and Graham each testified that on February 4, 1930, which was a cold, rainy day, they made their usual run; that as they entered the city limits of Waco on the return trip, about 3:30 in the afternoon, Schroeder who had been driving the truck, requested Graham to and he did take hold of the wheel, and was driving the truck down North Fifth street, one of the busy thoroughfares of the city, in the center of which was a street car track; that the street was about forty-five feet wide; that they were on the right-hand side; that they each saw the child, Wanda Louise Rainboldt, jump off the sidewalk on the opposite side of the street and start running in a diagonal direction across the street with her raincoat over her head, coming directly toward the truck, and, before same was stopped, it ran over the child's body and caused the injuries of which complaint is made.

In answer to special issues, the jury found that the injuries received were not the result of an unavoidable accident; that Schroeder was an employee of Dr. Pepper Bottling Company; that the truck was in his charge; that Graham drove the truck with the knowledge and consent of Dr. Pepper Bottling Company; that the truck was being operated for the use and benefit of Dr. Pepper Bottling Company; that Dr. Pepper Bottling Company was interested in the arrangement which Schroeder made with Graham. After making the above findings, the jury found that under the contract between the Dr. Pepper Bottling Company and Henry Schroeder, Schroeder represented the will of Dr. Pepper Bottling Company only as to the result of his work, and not as to the means by which it was accomplished. The jury further found that Graham failed to sound the horn as the child approached the truck, which was negligence and was a proximate cause of the injuries; that Graham failed to apply the brakes on the car, which was negligence and was a proximate cause of the injuries; that Graham discovered the perilous position of the child just prior to the collision and realized said perilous position, and that he could have, by the use of ordinary care with the means at his command, avoided the collision, and that he failed to use such care, and that same was a proximate cause of the injuries; that Graham knew that the child was entering a position of imminent danger just prior to the collision, and that he realized said fact in time to have avoided the collision by the use of ordinary care with the means at his command, and that his failure so to do was negligence, which was a proximate cause of the injuries.

■ Appellant Dr. Pepper Bottling Company by various propositions contends that the trial court should have given a peremptory instruction in its favor, its contention being that Schroeder was an independent contractor and that it was not in any way responsible for the acts of Graham, the driver of the truck, and that there was no evidence of negligence on the part of the driver. All of these propositions depend fundamentally on the question as to whether the evidence shows as a matter of law that Schroeder was an independent contractor, or that there was no negligence on the part of Graham, the driver of the automobile which caused the injuries, or whether Dr. Pepper Bottling Company was in any event responsible for the acts of Graham. All of these propositions are overruled. Without further comment, we think the testimony was sufficient to raise said issues. Maryland Casualty Co. v. Kent (Tex. Civ. App.) 271 S. W. 929; Id. (Tex. Com. App.) 3 S.W.(2d) 414; United States Fidelity & Guaranty Co. v. Lowry (Tex. Civ. App.) 231 S. W. 818; Woodward-Wanger Co. v. Nelson (Tex. Civ. App.) 11 S.W.(2d) 371; Texas Employers' Ins. Ass'n v. Owen (Tex. Civ. App.) 291 S. W. 940; Id. (Tex. Com. App.) 298 S. W. 542; Shannon v. Western Indemnity Co. (Tex. Com. App.) 257 S. W. 522; Ætna Life Ins. Co. v. Culvahouse (Tex. Civ. App.) 10 S.W.(2d) 803 (error dismissed).

■ We do not agree with the propositions of appellant Dr. Pepper Bottling Company that in no event would it be liable for the acts of Graham in driving the truck at the time of the injury. If it knew that Graham was working with Schroeder and that he drove the truck a part of the time, and if Schroeder was an employee of Dr. Pepper

Bottling Company and not an independent contractor, and if the truck was being operated for the joint use and benefit of Schroeder and Dr. Pepper Bottling Company at the time of the collision, then clearly Dr. Pepper Bottling Company would be liable for the negligent acts of the driver that caused the injury. Mann v. Cook (Tex. Civ. App.) 23 S.W.(2d) 860; Prince v. Taylor (Tex. Civ. App.) 171 S. W. 826 (error refused); Solan & Billings v. Pasche (Tex. Civ. App.) 153 S. W. 672 (error refused).

Appellants further complain of the action of the trial court in overruling their plea in abatement, their contention being that Mr. Rainboldt could not maintain the suit as next friend for his minor child for injuries which she had received, and in the same action maintain suit for himself for the doctors' and médical bills which he had become obligated to pay. We overrule this proposition. The record shows that the plea in abatement was filed after the general demurrer. It was specifically held in Humble Pipe Line Co. v. Kincaid (Tex. Civ. App.) 19 S.W.(2d) 144 (error dismissed), that a suit by the parents for themselves, and as next friend for their minor child for injuries, could be maintained in one and the same action. In Becker v. Becker (Tex. Civ. App.) 218 S. W. 542, it was held that a plea in abatement for misjoinder of parties was waived, where same was not filed prior to the filing of a general demurrer. In this case the minor child is only six years of age. She could only maintain the suit by her parents as next friend or guardian. The doctors' and medical bills were all occasioned by the injury. The same facts were necessary to be shown to entitle a recovery for the expenses as were necessary to entitle a recovery by the minor through her next friend. Our courts abhor a multiplicity of suits.

Appellants complain of the action of the trial court in permitting appellee, I. N. Rainboldt, to testify to the amount of doctors', medicine, nurses' and hospital bills that he had paid or become obligated to pay. At the time said testimony was given, counsel for appellees stated that they would show the reasonableness of said amounts. Thereafter it was shown without controversy by physicians that each of the bills, as testified to by Rainboldt, was reasonable. Under this state of the record, we do not think there was any error in the court's action. Before the reasonableness of the bills could be determined, it was necessary that it be shown that he had paid same or had become obligated to pay same.

Appellant Dr. Pepper Bottling Company contends that since the jury found that Schroeder represented it only as to the result of his work, and not as to the means by which it was accomplished, that said finding amounts, as a matter of law, to a finding that Schroeder was an independent contractor, and that the trial court therefore erroneously refused to enter judgment for it on said finding. It further contends that, if said finding does not amount to a finding that Schroeder was an independent contractor, the trial court committed error in refusing to submit its special requested issue No. 38, which asked the jury to determine whether the relationship between Dr. Pepper Bottling Company and Schroeder was that of an employer and independent contractor.

The record shows that appellant requested a number of different issues presenting in different forms the question as to whether Schroeder was an independent contractor. The trial court seems, from the number so submitted, to have selected the one that was submitted, and in reply to which the jury found that Schroeder represented the will of Dr. Pepper Bottling Company only as to the result of his work, and not as to the means by which it was accomplished. While said issue as submitted does not embrace all of the essential elements of an independent contractor, it was at least a sufficient submission thereof to prevent the trial court rendering a judgment contrary thereto. North v. Atlas Brick Co. (Tex. Com. App.) 13 S.W.(2d) 59; Ablowich v. Greenville Nat. Bank, 95 Tex. 429, 67 S. W. 79, 881; Waller v. Liles, 96 Tex. 21, 70 S. W. 17; Citizens' Nat. Bank v. Graham & Co. (Tex. Civ. App.) 25 S.W.(2d) 636; Massie v. Hutcheson (Tex. Com. App.) 270 S. W. 544; Henne & Meyer v. Moultrie, 97 Tex. 216, 77 S. W. 607; Hart v. Wilson (Tex. Com. App.) 288 S. W. 133. If same did not properly submit the question as to whether Schroeder was an independent contractor, clearly the other issues presented by appellants did properly request said issue to be submitted.

The jury, in answer to other issues, found that Schroeder was an employee of Dr. Pepper Bottling Company and that the truck was being operated by Schroeder for the use and benefit of Dr. Pepper Bottling Company. Under these findings, the legal effect was to make Schroeder an employee of Dr. Pepper Bottling Company rather than an independent contractor, and thereby creates an irreconcilable conflict with the finding of the jury in effect that Schroeder was an independent contractor. The findings of the jury being irreconcilable on this material issue, the trial court was not authorized to enter a judgment for either party and should have set the findings aside and ordered a new trial. The law seems to be well settled that where the jury's findings are contradictory and irreconcilable on a material issue, no judgment can be entered. Appellee contends that there is no conflict because the issue as submitted and answered by the jury did not, as a matter of law, fix the relationship between Dr. Pepper Bottling Company and Schroeder as that of employer and independent contractor. As

above suggested, if this be conceded, the judgment of the trial court would necessarily have to be reversed, because the trial court failed and refused to submit the issue requested by appellant, which, in effect, asked the jury whether Schroeder was an independent contractor.

For the error indicated, the judgment of the trial court is reversed, and the cause remanded.