## McELWRATH v. DIXON.
### No. 1213.

Court of Civil Appeals of Texas. Waco.
April 28, 1932.

Rehearing Denied May 26, 1932.

996.

Davis, Jester & George, of Corsicana, for appellant.

W. W. Mason, of Mexia, for appellee.

GALLAGHER, C. J.

This suit was instituted by appellee, J. F. Dixon, in the justice court to recover of appellant, F. P. McElwrath, damages alleged to have resulted to his automobile from being struck by a motortruck operated by one of appellant's employees. Appellee recovered and appellant prosecuted an appeal. The case was tried on appeal before the court without the intervention of a jury and judgment rendered against appellant in favor of appellee for the sum of $149.75.

## Opinion.

 Appellant presents an assignment of error in which he contends the trial court erred in refusing to permit him to plead by trial amendment, contributory negligence on the part of the driver of appellee's car. Appellant's request for permission to interpose such defense and the refusal of the court to allow him to do so are shown only by a purported docket entry copied in the transcript. Entries made by a trial judge on his docket are for his own convenience or the convenience of the clerk, and constitute no part of the record in the case. Stark v. Miller, 63 Tex. 164, 165; Stark v. Hardy (Tex. Com. App.) 29 S.W.(2d) 967, 969, par. 3; Erwin v. Griffin (Tex. Civ. App.) 24 S.W.(2d) 78, and authorities there cited. Appellant's request, the refusal of the court to grant the same, and appellant's exception to such refusal should have been incorporated in the record by a proper bill of exceptions. Clonts v. Johnson, 116 Tex. 489, 494, 294 S. W. 844,

847, par. 13; Firebaugh v. Ward, 51 Tex. 409, 415; Holmes v. Coalson (Tex. Civ. App.) 178 S. W. 628, 634, par. 8; Owens v. Missouri Pacific Ry. Co., 67 Tex. 679, 683, 4 S. W. 593.

 Appellant presents an assignment of error in which he complains of the action of the court in permitting appellee's witness Cain to testify, over his objection, that he (Cain) had paid a fine to the city of Mexia for overrunning the stop sign at the street intersection where the accident occurred. Appellee's car at the time of such accident was being operated by his brother, L. P. Dixon. He was traveling north across the intersection of Ross and Palestine streets in the city of Mexia. The motortruck which struck said car was being operated by L. H. Cain, who was traveling east on Palestine street. There was a stop sign on Palestine street at the west side of such intersection. Cain testified that on the occasion in question he did not stop at said sign; that he knew it was against the law not to do so; that he supposed his failure to stop should be called carelessness; that the brakes on his truck were bad and that they would not stop the same. There was testimony that Cain at the time of the accident stated that he saw appellee's car and tried to stop but that his brakes were no good and he could not. Appellee's car was struck by the truck in front of the back fender on the left side. All the foregoing testimony was introduced without objection from appellant. Counsel for appellee asked said witness whether he had paid a fine to the city for overrunning that stop sign. Appellant objected on the ground that the fact sought to be elicited was immaterial and irrelevant to any issue in the case, that the witness had testified to the facts occurring at the time, and on the further ground that his testimony was not the best evidence. The court overruled the objection and the witness answered in the affirmative. Whether said witness paid a fine for not stopping at such sign was irrelevant and immaterial, and the complaint upon which he was fined was of course the best evidence of its contents. However, the answer of the witness to said question made no material addition to the testimony introduced without objection and before the court for consideration. The admission of testimony merely immaterial or irrelevant does not constitute ground for reversal where the trial is before the court and the judgment is supported by competent evidence. O'Connor v. Spears (Tex. Civ. App.) 13 S.W.(2d) 419, 420, par. 4; Evans v. Ball (Tex. Civ. App.) 6 S.W.(2d) 180, 182, par. 6; Haskins v. Henderson (Tex. Civ. App.) 2 S. W.(2d) 864, 865, par. 6, and authorities there cited; Miller v. Brand (Tex. Civ. App.) 32 S.W.(2d) 874, 875, par. 2; Waschman v. Wetterman (Tex. Civ. App.) 14 S.W.(2d) 886, 887,

par. 2. Neither does an exception to the admission of incompetent evidence require reversal where the same evidence in substance has been theretofore or is thereafter admitted without objection. Texas & P. Ry. Co. v. Edwards (Tex. Civ. App.) 21 S.W.(2d) 754, 757. par. 8; Johnson v. Ashby (Tex. Civ. App.) 18 S.W.(2d) 726, pars. 1 and 2; Chicago, R. I. & G. Ry. Co. v. Harris (Tex. Civ. App.) 28 S.W.(2d) 611, 616, par. 8, and authorities there cited; Export Ins. Co. v. Axe (Tex. Civ. App.) 36 S.W.(2d) 572, 575, par. 9; 3 Tex. Jur. p. 190, § 126; McCaskey Cash Register Co. v. Krause (Tex. Civ. App.) 31 S. W.(2d) 858, 859, par. 3; Hood v. Robertson (Tex. Civ. App.) 33 S.W.(2d) 882, 885, par. 10. Said assignment is overruled.

 Appellant presents an assignment of error in which he contends that the court erred in rendering judgment for appellee for damages to his car in the sum of $149.75 on the ground that the same is not supported by any competent evidence. Appellee testified that his car at the time it was struck and damaged was new, that it had only been run 600 miles, and that the cost of repairing the same was around $149. Appellant objected to such testimony on the ground that it was not shown in connection therewith that the repairs made were necessary nor that the charge therefor was reasonable and customary. Appellant asked that such objection apply to succeeding testimony without the necessity of repeating the same. Appellee thereupon testified in detail with reference to the various parts of said car replaced in such repair and the cost of each of such parts. He also testified that the entire bill was a reasonable amount for the material furnished and work done on said car and that he could not get the party who repaired it to furnish the same for a less price. He also testified that he was familiar with the value of both new and secondhand automobiles; that the market value of his car before the wreck was $600 and the reasonable market value of the same immediately thereafter was $350. He testified on cross-examination that said car was the only new one he had bought and that he had not bought nor sold any secondhand cars. Appellant nowhere objected to the qualification of the witness to testify as to reasonable and customary charges for repairs, nor did he object to such testimony on the ground that it was irrelevant or that it tended to establish an improper measure of damages. Neither did he object to the qualification of the witness to testify with reference to the market value of automobiles, either new or secondhand, nor move to exclude such testimony when his cross-examination developed that appellee's knowledge of such values was limited. Appellant's pleadings were oral and are not incorporated in the record. They will therefore be deemed sufficient to support the judgment rendered.

G., H. & S. A. Ry. Co. v. Masters (Tex. Civ. App.) 23 S.W.(2d) 759, par. 1, and authorities there cited. The true measure of actual damages to personal property injured, but not totally destroyed, is ordinarily the difference in value of the article injured at the time and place immediately before and immediately after the injury. When such article is susceptible of restoration, a different rule is sometimes applied and the reasonable cost of replacements and repairs considered in such connection together with the difference in value of the article before the accident and after such repairs are completed. Chicago, R. I. & G. Ry. Co. v. Zumwalt (Tex. Com. App.) 239 S. W. 912, 915, pars. 1 and 2; Milby Auto Co. v. Kendrick (Tex. Civ. App.) 8 S. W.(2d) 743, 744, par. 1; Texas Power & Light Co. v. Hale (Tex. Civ. App.) 276 S. W. 746, 748, pars. 5 and 6, reversed on other grounds (Tex. Com. App.) 283 S. W. 495; Chase Bag Company v. Longoria (Tex. Civ. App.) 45 S. W.(2d) 242, 244, pars. 10 and 11. The qualification of a witness to testify to the market value of property is primarily a question for the trial court, and his ruling thereon will not be reviewed unless it appears that it was clearly wrong. Rogers & Adams v. Lancaster (Tex. Com. App.) 248 S. W. 660, 661, par. 1; St. Mary's Oil Engine Co. v. Allen-Morrow Co. (Tex. Civ. App.) 20 S.W.(2d) 266, 268, pars. 4 and 5; American Equitable Assurance Co. v. Martin (Tex. Civ. App.) 33 S.W.(2d) 287, 288, par. 5. The weight of opinion evidence as to the value of personal property is for the court or jury trying the case. Rogers & Adams v. Lancaster, supra, page 662 of 248 S. W., par. 3. The recovery awarded by the court was, under the testimony adduced, a conservative one, and appellant's assignment is overruled.

Appellant presents a group of assignments in which he contends that the testimony is wholly insufficient to support any recovery against him by appellee. His specific contention in this connection is that the testimony shows conclusively that L. H. Cain was an independent contractor, operating his own truck in his own way at the time he drove the same against appellee's auto and inflicted the damages sued for herein. Cain owned the truck himself, paid for keeping it in repair, and furnished the oil and gas used in its operation. Appellant was a contractor, engaged in laying concrete on a highway. He contracted with Cain and with others to haul gravel and cement and deliver the same at appellant's concrete mixer. Compensation was a stipulated price per load based on the distance the same was hauled. Trucks used for hauling were required to be of a standard size and properly equipped for dumping. The gravel was loaded from a rack or bin. The bin was filled by a crane. Each driver backed his truck under the bin, opened the door, and received a load of grav-

998

el. If any gravel was spilled in the process the driver was required to stop and clean it up. The loading equipment was operated by appellant's employees. When a truck was loaded with gravel, it then proceeded to the cement box, where a complement of cement was also loaded thereon by appellant's employees. The truck was then driven to the concrete mixer. When its turn came a signal was given and it was driven onto a turntable, which turned it around so that the driver could back it up to the mixer. When the driver got his truck in position, he operated the dumping equipment and thereby deposited his load. He then drove straight out and could return to the loading rack and repeat the round, or go elsewhere as he chose. Since appellant's employees loaded the trucks and received the several loads at the mixer, no hauling could be done except when both the loading crew and receiving crew were on duty. Truckers were not required to work continuously, and they were free to quit the job entirely at any time they chose, and their services could be dispensed with by appellant at any time. Cain usually operated his truck himself, but he had on one or more occasions sent a substitute to operate it. He testified that at the time he began working on the job he agreed to haul gravel on a load and mileage basis, and further agreed that he should be discharged if he drove fast or recklessly. He further testified that he was cautioned not to travel the main streets of the city of Méxia or through the red light district, and that he was also instructed to travel certain streets. He further testified that he was "laid off" one day for being late and that he was "fired" for the accident involved herein. We deem it unnecessary to recite all the testimony or to note the various conflicts therein.

 The rule for distinguishing between the relation of employer and employee and employer and independent contractor has been variously expressed by our courts. The gist of such rule, however expressed, is the extent to which the employer exercises or has the right to exercise control over the conduct of the party and the mode and manner of doing the work which he is engaged to perform. King v. Galloway (Tex. Com. App.) 284 S. W. 942, 943 et seq., and authorities there cited; Texas Employers' Ins. Ass'n v. Owen (Tex. Com. App.) 298 S. W. 542, 543, par. 1. Whether the relation in a given case is that of employer and employee, or employer and independent contractor, is usually, and especially on conflicting evidence, a question of fact to be determined by the court or jury trying the case. Texas Employers' Ins. Ass'n v. Owen, supra, pages 542, 543 of 298 S. W., pars. 2 and 3; El Paso Laundry Co. v. Gonzales (Tex. Civ. App.) 36 S.W.(2d) 793,

795, par. 5; Dr. Pepper Bottling Co. v. Rainboldt (Tex. Civ. App.) 40 S.W.(2d) 827, 829, par. 1; J. W. Zempter Construction Co. v. Rodgers (Tex. Civ. App.) 45 S.W.(2d) 763, 766, par. 1. The trial court found that Cain, while engaged in performing his duties under his contract with appellant, was under appellant's control and supervision and that appellant exercised such control and supervision in certain matters connected with such employment. He also found specifically that Cain was an employee of appellant and in the discharge of the duties of his employment at the time he drove his truck against appellee's automobile. There being sufficient evidence to sustain such finding, we are not at liberty to disturb the same. Dr. Pepper Bottling Co. v. Rainboldt, supra; Texas Employers' Ins. Ass'n v. Owen, supra; West Lumber Co. v. Smith (Tex. Civ. App.) 283 S. W. 1104, 1105, par. 1, affirmed (Tex. Com. App.) 292 S. W. 1103; J. W. Zempter Construction Co. v. Rodgers, supra.

The judgment of the trial court is affirmed.