## DAVE LEHR, Inc., v. BROWN et al.
### No. 1316.

Court of Civil Appeals of Texas. Waco.
March 9, 1933.

Rehearing Denied April 13, 1933.

Cunningham, Moursund, Johnson, Rogers & Slatton, of San Antonio, for appellant.

Perry J. Lewis, H. C. Carter, Randolph L. Carter, and Champe G. Carter, all of San Antonio, for appellees.

GALLAGHER, Chief Justice.

This appeal is prosecuted from a judgment of the district court awarding appellees, Jimmie Brown, a minor, suing herein by next friend, and his parents, W. P. Brown and Margaret Brown, recoveries against appellant, Dave Lehr, Inc., of damages for injuries sustained by said Jimmie Brown as a result of his being struck by a motortruck while attempting to cross a public street in the city of San Antonio. The only assignments of error presented by appellant assail the sufficiency of the evidence to show legal liability on its part for the negligent operation of said truck, and the admissibility of certain testimony on such issue. The several findings of the jury on the issues of negligence on the part of the driver of the truck proximately causing the injuries sustained by the boy, the absence of contributory negligence on his part, and the amount of the damages awarded, not being in any way questioned, these phases of the case need not be either recited or discussed.

Appellees alleged that Jimmie Brown, the injured boy, while crossing a public street in said city, was negligently run down and struck by an automobile truck which was being operated by appellant through an employee. Appellant answered said charge by general denial. The case was tried to a jury. The testimony introduced showed that the truck which hit and injured the boy belonged to and was being driven by a Mexican named Mariano Valderramo and was loaded with sand belonging to appellant, which was being transported for delivery at a specified point. Appellant, at the close of the evidence, requested a peremptory charge instructing the jury to return a verdict in its favor, which was refused. The only issue bearing on appellant's legal liability for negligence on the part of the driver of the truck which struck the boy and the answer of the jury thereto were as follows: "At the time of the accident in question, was the truck driver, Mariano Valderramo, an employee of the defendant, Dave Lehr, Incorporated?" Answer: "Yes."

The court, in connection with said issue, gave the following instruction defining the word "employee" and explaining its application: "In this connection, you are instructed that an employee is a person in the service of another under any contract of hire, express or implied, oral or written, whereby the master retains or exercises the right of control in directing, not merely the end sought to be accomplished, but also the means and details of its accomplishment, not merely what shall be done but how it shall be done."

Appellant's only objection thereto was too general to require consideration by the court. Chase Bag Co. v. Longoria (Tex. Civ. App.) 45 S.W.(2d) 242, 244, pars. 4 to 6, inclusive, and authorities there cited; Baker Co. v. Turpin (Tex. Civ. App.) 53 S.W.(2d) 154, 156, pars. 4 and 5. Neither the accuracy nor the

sufficiency of said definition is questioned in this appeal. Appellee did not request the submission of any issue with reference to the legal relation existing at the time of the accident between it and the driver of the truck. The court rendered judgment on the verdict, awarding the injured boy a recovery in the sum of $5,000, and his parents in the sum of $1,500 against appellant, in accordance with the findings of the jury assessing the amount of damages sustained by them, respectively. Appellant filed motion for new trial, and, upon the overruling of the same, perfected this appeal.

### Opinion.

Appellant presents a group of assignments in which it contends that the testimony in this case established as a matter of law that Valderramo, the driver of the truck, at the time of the accident was an independent contractor, and not its employee. Appellant was a dealer in sand, gravel, cement, and other commodities. His place of business was contiguous or near to a railway delivery switch. He received the commodities aforesaid in cars, had the same loaded into trucks therefrom, and delivered by such trucks to purchasers at points agreed upon between them. The employment of the truckman Valderramo was according to the usual if not exclusive custom of conducting that branch of appellant's business. He owned his truck and maintained and operated it himself. Appellant was at the time of the accident engaged in delivering sand to a purchaser. It, through its agent or manager, employed said Valderramo to assist in making such deliveries. He used his own truck, loaded it, operated it to the place of delivery, and there unloaded it, all by himself. He was furnished by appellant a ticket with each load, which he was required to have signed on delivery and to return to it. For such services he was paid a stipulated price per load, based on the distance the same was hauled. The agreement between appellant and Valderramo under which he was working at the time did not specify that he should render continuous service, nor that he should continue to render such service for any particular length of time. He did, however, except for a few hours immediately succeeding the accident, work under his agreement with appellant exclusively and continuously for about three weeks. He was told by Mitchell, appellant's representative, to be at its place of business at 7 o'clock in the morning, and was usually told, about 5 or 6 o'clock in the afternoon, that appellant would not have any more hauling that day, and that he might go. Mitchell gave him a ticket, told him what to haul, the particular car from which the load was to be taken, and where to deliver the same. Mitchell also gave him instructions with reference to the amount to be hauled in each particular load, and saw that such instructions were followed. Mitchell also instructed him, in event of an accident, to report the same to appellant's office. Mitchell also instructed him to drive slowly and carefully, and claimed the right to discontinue his services in event he violated such instructions. Valderramo testified in general terms that Mitchell told him how to do his work, and that he obeyed such orders. There was testimony that truck drivers were expected and required to comply with the customs of the business. They were sometimes called upon for service at night. They were required to haul such material as was designated by Mitchell. They were instructed to travel the nearest route and to make prompt delivery, to obey all traffic laws, to drive slowly in passing schools and churches, to observe slow and stop signs, and to give proper signals when turning corners. Such instructions were given frequently, and they were required to obey the same. When they disobeyed they were warned or "fired," as appellant might elect. Truck drivers were instructed not to overload or underload their trucks. If they spilled material in loading or on the street their services were considered unsatisfactory and appellant could discharge them. Sometimes they were required to collect the price of a load upon delivery and to return such collection to appellant. They were paid on the agreed basis for loads actually hauled, each Saturday. The amount due each driver was entered on a list or instrument called a pay roll, and they were required to sign the same at the time of payment. The termination of the relation between them and appellant was termed a discharge. Appellant claimed the right under the terms of their employment to direct and control them as aforesaid, and did do so. The foregoing is a mere summary of the testimony bearing on the issue of appellant's right to control drivers in the discharge of their duties and the extent to which it exercised such control.

The rule for distinguishing between the relation of employer and employee, and employer and independent contractor, has been variously expressed by our courts. The ultimate test prescribed in such rule, however expressed, is the extent of the control which the employer has the right to exercise over the conduct of the party, and the mode and manner of doing the work he has engaged to perform. The extent of control actually exercised in a given case by an employer is properly considered in determining his right to do so. King v. Galloway (Tex. Com. App.) 284 S. W. 942, 943 et seq., and authorities there cited; Texas Employers' Ins. Ass'n v. Owen (Tex. Com. App.) 298 S. W. 542, 543, par. 1; McElrath v. Dixon (Tex. Civ. App.) 49 S.W.(2d) 995, 998, pars. 13 and 14. See In re Murray, 130 Me. 181, 154 A. 352, 75 A. L. R., page 720 et seq. and note,

page 725 et seq. Whether the relation in a given case is that of employer and employee, or employer and independent contractor, is usually, and especially upon conflicting or indefinite and inconclusive evidence, a question of fact to be determined by the court or jury trying the case. Texas Employers' Ins. Ass'n v. Owen (Tex. Com. App.) 298 S. W. 542, 543, pars. 2 and 3; El Paso Laundry Co. v. Gonzales (Tex. Civ. App.) 36 S.W.(2d) 793, 795, par. 5; Dr. Pepper Bottling Co. v. Rainboldt (Tex. Civ. App.) 40 S.W.(2d) 827, 829, par. 1; J. W. Zempter Const. Co. v. Rodgers (Tex. Civ. App.) 45 S.W.(2d) 763, 766, par. 1; McElrath v. Dixon (Tex. Civ. App.) 49 S.W. (2d) 995, 998, pars. 13 to 15, inclusive; Maryland Casualty Co. v. Donnelly (Tex. Civ. App.) 50 S.W.(2d) 388, 390, pars. 2 and 3. The testimony in this case does not show with such certainty that reasonable minds cannot differ as to the effect thereof, that Valderramo was at the time of the accident employed by appellant as an independent contractor and not as a mere employee. The court therefore properly submitted the character of his employment to the jury for determination, and we are bound by their finding.

Appellant presents four separate propositions in which it complains of the action of the court in admitting in evidence over its objection certain testimony of the witness Valderramo. Said testimony was read from an oral deposition of the witness. Appellant filed written objections to certain questions and answers contained therein, including those made the basis of its said propositions, which questions and answers were as follows:

"Q. During the time that you were driving there, state whether or not there was any man that you took instructions from or that was your boss? A. Yes, Mr. Mitchell was the boss.

"Q. Who was your boss? A. Mr. Mitchell. He was the one that give me the tickets, you see, and I was to do whatever—I just was to do whatever he told me. * * *

"Q. In doing all the work you did there, state whether or not you were subject to the instructions or orders of Mr. Mitchell? A. What is that you mean?

"Q. I say, in doing all the work you did there, state whether or not you were under the orders of Mr. Mitchell? A. Yes, Sir. * * *

"State whether or not Mr. Mitchell controlled and directed the way in which you did your work. A. He told me which way I do my work.

"Q. Yes? A. Yes, Sir."

Appellant's objection to each of said questions and the introduction in evidence of the answer made thereto was, in substance, that such question was leading and suggestive. Said objections were seasonably filed and hearing thereon postponed by agreement to the next succeeding term of court. No further action was taken until the case was called for trial nearly a year thereafter. Appellant then presented said objections, and the court overruled the same. The court qualified each of appellant's bills of exception by an indorsement stating that appellant's objections were not presented nor determined at the term to which the hearing thereof was so postponed, nor for several terms thereafter. Apparently the action of the court in overruling the same was predicated in part at least on such delay and the provision of the statute inhibiting the same. Said provision is as follows: "Such objection shall be made and determined at the first term of the court after the deposition has been filed, and not thereafter." Revised Statutes, art. 3765.

Appellee contends in this connection that appellant's failure to present said objections at the term of court to which consideration of the same was continued was a violation of the terms of the article so quoted and constituted a waiver of such objections. Appellee's contention is not without support in the authorities. In the case of Ellis v. Lewis, 45 Tex. Civ. App. 248, 100 S. W. 189, 191, the court said: "The requirement of the statute that objection to the form and manner of taking depositions must be made before the trial of the case begins, and must be passed upon at the first term of the court after the deposition is filed is a just and reasonable requirement and one which should be strictly enforced."

See, also, Waters Pierce Oil Co. v. Davis, 24 Tex. Civ. App. 508, 60 S. W. 453, 458; Schaff v. Beale (Tex. Civ. App.) 250 S. W. 757, 759, par. 5. Our Supreme Court has held that a question is not necessarily leading because it admits of a direct affirmative or negative answer, but that to make it objectionable, when but a single fact is sought to be elicited, it must also suggest the desired answer. International & G. N. Ry. Co. v. Dalwigh, 92 Tex. 655, 657, 51 S. W. 500; Lott v. King, 79 Tex. 292, 299, 15 S. W. 231; Galveston, H. & S. A. Ry. Co. v. Cody, 20 Tex. Civ. App. 520, 50 S. W. 135, 137, par. 8, writ refused 92 Tex. 632, 51 S. W. 329. The witness was admittedly an unlettered Mexican and his answers disclose that his understanding of the English language and his ability to express himself therein were somewhat limited. In such cases a very wide discretion is allowed the trial judge in permitting questions which might in other cases be considered leading or suggestive in form. 40 Cyc., p. 2429, par. (B); Campbell v. Fisher (Tex. Civ. App.) 24 S. W. 661, 663, par. 2, and authorities there cited; Pecos & N. T. Ry. Co. v. Gray (Tex. Civ. App.) 145 S. W. 728, 733, par. 8; Norton v. Lea (Tex. Civ. App.) 170 S. W. 267, 268, 269, par. 6; Ætna Life Ins. Co. v. Casper (Tex. Civ. App.) 11 S.W.(2d) 594, 599, par. 3; Hensley v. Waco Drug Co., (Tex. Civ. App.) 18

**890**

S.W.(2d) 778, 781, par. 3. Appellee contends that substantially the same testimony was elicited from said witness in response to other questions, to which no objection was urged. Such contention is sustained by the record. Error, if any, in admitting testimony over objection is harmless when substantially the same testimony is introduced without objection. Hall v. Ray (Tex. Civ. App.) 179 S. W. 1135, 1138, par. 4; Steele Co. v. Dover (Tex. Civ. App.) 170 S. W. 809, 813, par. 10; C. W. Hahl Co. v. Cunningham & Hardy (Tex. Civ. App.) 246 S. W. 108, 109, par. 6; Maryland Casualty Co. v. Allen (Tex. Civ. App.) 22 S.W. (2d) 329, 330, par. 2. We conclude therefore that the action of the court in admitting the testimony above set out over appellant's objection, that same was elicited by questions that were leading and suggestive, does not constitute reversible error.

 Appellant also objected to said answers of the witness when offered in evidence on the ground that they constituted merely his opinions and conclusions, which objection was overruled. The substance of said answers was that appellant's representative Mitchell was the "boss," or man from whom the witness took instructions; that witness was to do whatever Mitchell told him to do; that Mitchell told him how to do his work and controlled the way in which his truck was loaded, and had a right to do so. The contract or agreement between appellant and witness was verbal and apparently wholly informal. Appellant wanted a truckman to haul and deliver material at a stipulated price. Witness wanted to haul the same, and the price offered was satisfactory. Mitchell then put him to work, gave him a ticket, told him what material to haul, how much to haul, where to get the same, and where to deliver it. Mitchell further instructed him to get his ticket signed by the purchaser as evidence of the receipt of the load and return such ticket to him. This course was pursued with reference to each successive load. All this was shown by testimony admitted without objection, and was merely the recital of the manner in which appellant's business was conducted. There being apparently no agreement in detail between appellant and the witness with reference to such matters, the exercise by appellant, through its representative Mitchell, of such control and the acquiescence therein of the witness and the other truckmen so employed, constituted, by mutual assent of the parties, the measure of authority on the part of appellant and the corresponding duty on the part of the truckmen, including said witness. Appellees contend in this connection that under the circumstances shown the testimony of the witness that Mitchell had a right to control and direct him in such matters was the statement of a fact and not a mere conclusion. Such contention is not without support in the authorities. Ætna Life Ins. Co. v. Casper (Tex. Civ. App.) 11 S.W.(2d) 594, 599, par. 4; Keen & Woolf Oil Co. v. Fulenwider (Tex. Civ. App.) 284 S. W. 322, 325, par. 4; Bayliss v. Raney (Tex. Civ. App.) 273 S. W. 932, 934, par. 4; Farmers' Mill & Elevator Co. v. Hodges (Tex. Civ. App.) 248 S. W. 72, 76, par. 7, reversed on other grounds (Com. App.) 260 S. W. 166; Schebesta v. Stewart (Tex. Civ. App.) 37 S.W.(2d) 781, 784, par. 3. The authority actually exercised by appellant over the manner in which the witness performed the tasks undertaken by him and his voluntary submission to such authority were shown by the testimony as a whole. The witness was familiar with all the facts and had himself testified in detail with reference thereto. If his testimony with reference to appellant's authority to exercise control in the matters specified were only a conclusion, it does not necessarily follow that the admission thereof was improper or constituted reversible error. It is not every opinion or conclusion of the ordinary witness which ought to be excluded. Where the opinion or conclusion offered is a mere shorthand rendering of the facts, the same can be given in evidence, subject to cross-examination as to the facts on which it is based. Moore v. Moore (Tex. Civ. App.) 299 S. W. 653, 654, par. 5, and authorities there cited; Fort Worth & D. C. Ry. Co. v. Kidwell (Tex. Civ. App.) 249 S. W. 303, 305, par. 1, and authorities there cited; Exporters' & Traders' Compress & Warehouse Co. v. Shaw (Tex. Civ. App.) 20 S.W.(2d) 248, 252, pars. 10 to 12, inclusive, and authorities there cited.

The judgment of the trial court is affirmed.